FILED
2017 Jul-21  PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MYRON DEWAYNE TIBBS** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **case Nos.    5:16-cv-8003-KOB** |
| **v.** | ) | **5:16-cv-8004-KOB** |
| | ) | **5:11-cr-399-KOB-JHE** |
| | ) | **5:12-cr-329-KOB-JHE** |
| **UNITED STATES OF AMERICA,** | | |

### MEMORANDUM OPINION

This case is before the court on Myron Tibbs' motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in two cases:  5:16-cv-8003-KOB and 5:16-cv-8004-KOB.[1] (Civ. Doc. 1 in 16-8003 and Civ. Doc. 4 in 16-8004).[2]  A jury found Mr. Tibbs guilty of conspiracy to possess with the intent to distribute less than 100 kilograms of marijuana in criminal case 5:11-cv-399-KOB-JHE, and he pled guilty to felon in possession of a firearm in criminal case 5:12-cv-329-KOB-JHE.  In his motions to vacate, he alleges a total of twenty-

---

[1]  A prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court . . . to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

[2]  The court will designate documents from Mr. Tibbs' civil and criminal cases as follows: "Civ. Doc. ___ in 16-8004" for 5:16-cv-8004-KOB, which attacks Tibbs' conviction and sentence in 5:11-cr-399-KOB-JHE, designated as "Cr. Doc. ___ in 11-399"; and "Civ. Doc. ____ in 16-8003" for 5:16-cv-8003-KOB, which attacks Tibbs' sentence in 5:12-cr-329-KOB-JHE, designated as "Cr. Doc. ___ in 12-329."

eight numbered issues involving claims of ineffective assistance of trial, sentencing, and appellate counsel.

The court has interpreted Mr. Tibbs's claims liberally because he is not represented by counsel in these actions. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) ("Pro se filings, including those submitted by [the petitioner] in the present case, are entitled to liberal construction."). After reviewing Mr. Tibbs's motions to vacate, the Government's responses, and Mr. Tibbs' replies in both cases, and for the following reasons, the court finds that his motions to vacate are due to be GRANTED on the grounds of ineffective assistance of sentencing and appellate counsel for failing to object to or appeal the district court's use of the incorrect statutory penalty section and corresponding incorrect guideline range in sentencing Mr. Tibbs; the motions will be DENIED on all other grounds.

## I. BACKGROUND

The Government filed a twenty-six count Superseding Indictment on December 29, 2011against Mr. Tibbs and fourteen other defendants, charging crimes related to a drug distribution ring, money laundering, and firearm offenses. Specifically, the Superseding Indictment charged Mr. Tibbs with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride and 280 grams or more of "crack" cocaine (Count One), conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana (Count Two), and felon in possession of a firearm (Count Eighteen). (Crim. Doc. 53 in 11-399).

Prior to his trial, Mr. Tibbs' trial attorney, Jerry Barlcay, along with several co-

defendants, moved to suppress recordings of calls, and any evidence derived from those calls, that the Government intercepted via wiretaps on co-defendant Kingy Holden's telephone.  After a hearing on the motions to suppress, the district court denied those motions on July 5, 2012. (Crim. Doc. 184 in 11-399).

On July 18, 2012, the Government filed a motion to dismiss the felon in possession charge in Count Eighteen.  (Crim. Doc. 197 in 11-399).  That same day, without a response from Mr. Tibbs, the court granted that motion and dismissed Count Eighteen against Mr. Tibbs without prejudice.  (Crim. Doc. 199 in 11-399).

The drug conspiracy trial began on July 23, 2012, and lasted more than one week.  After the Government rested on August 1, 2012, Mr. Tibbs' trial counsel Barclay moved for judgment of acquittal under Fed. R. Civ. P. 29(a), which the district court denied.  The jury found Mr. Tibbs not guilty on Count One, the conspiracy to possess with intent to distribute cocaine, but guilty on Count Two, the conspiracy to possess with intent to distribute marijuana weighing less than one hundred kilograms—the smallest quantity for which the jury could find Mr. Tibbs guilty.  (Crim. Doc. 213 in 11-399).

After the trial began, the Government re-indicted Mr. Tibbs on July 31, 2012 on the felon in possession charge in a new case, which was based on the same facts as alleged in Count Eighteen in the drug conspiracy case.  (Crim. Doc. 1 in 12-cr-329).  After Mr. Tibbs' counsel Barclay entered an appearance in this new case and again moved to suppress certain evidence obtained as a result of the wiretaps and subsequent search warrant, the court granted Barclay's

motion to withdraw and appointed the Federal Public Defender's Office to represent Mr. Tibbs. In addition to the pending motion to suppress, Assistant Federal Public Defenders Melanie Keiper and Rick Burgess moved to dismiss the felon in possession Indictment based on a violation of the Speedy Trial Act.  After a separate hearing on both motions, the court denied them.  (Crim. Docs. 20 & 25 in 12-329).

Mr. Tibbs entered a plea of guilty in the felon in possession case pursuant to a plea agreement on December 17, 2012, maintaining his right to appeal the denial of the motion to suppress and motion to dismiss the Indictment in that case.  (Crim. Doc. 28 in 12-329).

**Presetencing**

The Probation Office disclosed its initial Presentence Investigation Report (PSR) for Mr. Tibbs on February 3, 2013.  Keiper and Burgess, serving as sentencing counsel for Mr. Tibbs on both 11-399 and 12-329, filed objections to the PSR on February 22, 2013, and the Government filed responses to those objections.  (Crim. Docs. 323 & 325 in 11-399).  One of Mr. Tibbs' objections involved paragraph 142 of the PSR regarding his "Offense Level Computation"; he argues that the jury found Mr. Tibbs guilty of possessing with the intent to distribute less than 100 kilograms of marijuana; that no evidence supported a finding of "80 to 100 kilograms" of marijuana attributable to Mr. Tibbs; and that his base offense level should be 8, instead of 24. (Crim. Doc. 323 at 3 in 11-399).  In its response, the Government submitted that it "cannot prove Mr. Tibbs' attributable is more than 4.5 pounds of marijuana," and stated the base offense level should be 10, instead of 24.  (Crim. Doc. 325 in 11-399).

Subsequently, the Probation Office resolved *some* of the objections and submitted its

"Addendum to the Presentence Report" and Revised PSR on April 1, 2013.  The Revised PSR

indicated a change in Mr. Tibbs' "Base Offense Level" in paragraph 142 from 24 to 10 for the

drug conspiracy charge in case 11-399 because of Mr. Tibbs' objection and the Government's

response regarding the lesser amount of marijuana attributable to him.  However, the Revised

PSR failed to change the statutory penalty section from 21 U.S.C. § 841 (b)(1)(C)) to  21 U.S.C.

§ 841 (b)(1)(D) in paragraph 142 to reflect the correct statutory penalty section for the lesser

amount of marijuana in case 11-399.[3]

After determining that Mr. Tibbs had a "Combined Adjusted Offense Level" of 24 for

both cases, the Revised PSR indicated in paragraph 159 that Mr. Tibbs was a career offender

based on a prior "Trafficking Cocaine" charge and a "Discharging a Firearm Into an Occupied

Dwelling" charge. However, paragraph 159 failed to apply the proper statutory penalty section

of 21 U.S.C. § 841 (b)(1)(D) in assessing the "Chapter Four Enhancement."  As a result, the

Revised PSR incorrectly assessed a "Total Offense Level" of 34 based on the enhancements and

a much higher statutory maximum sentence using the wrong statutory penalty section; instead a

"Total Offense Level" of 24 would have been the proper level had the Probation Office applied

the correct statutory penalty section.

Under "Part D. Sentencing Options," the Revised PSR incorrectly stated in paragraph 195

---

[3]  The Government agrees that 21 U.S.C. § 841 (b)(1)(D) contains the correct statutory penalty for the amount of marijuana attributable to Mr. Tibbs, and that the Revised PSR was based on the incorrect statutory penalty.  (*See* Civ. Doc. 7 in 16-8003).

that the statutory penalty provision for the marijuana drug conspiracy count in 11-399 was 21

U.S.C. § 841(b)(1)(C), with a maximum term of imprisonment of 30 years, instead of a

maximum of 10 years under the correct statutory penalty section of 21 U.S.C. § (b)(1)(D).

Based on the incorrect "Total Offense Level" of 34 and a correct criminal category history of

VI, the Revised PSR indicated that the guideline imprisonment range for the drug conspiracy

count in 11-399 was 262 months to 327 months, and 120 months for the felon in possession

charge in 12-329.[4]

Keiper and Burgess filed "Supplemental Objections to the Presentence Investigation

Report" on April 11, 2013, objecting only to the facts contained in the PSR that contradicted

Mr. Tibbs' assertion that he is not guilty of the charges in the drug conspiracy case.  (Crim. Doc.

338 in 11-399).  The Supplemental Objections mentioned nothing about the incorrect statutory

penalty section for the marijuana drug conspiracy charge or the incorrect "Total Offense Level"

of 34 that resulted from applying the wrong statutory maximum of 30 years, instead of 10 year

maximum called for by the correct statutory penalty section.

Counsel Keiper and Burgess also submitted a "Sentencing Memorandum" on September

9, 2013, prior to the sentencing hearing set for September 16, 2013. In that memorandum,

Keiper and Burgess argued that Mr. Tibbs should receive the credit for acceptance of

responsibility for pleading guilty to the felon in possession charge and that the court should not

---

[4]  The guideline range was  above the statutory maximum sentence correctly identified in the
Revised PSR as 10 years for the felon in possession charge in 12-329. Therefore, the guideline range
for that count could be no more than the statutory maximum of 10 years—or 120 months.

consider the  Trafficking Cocaine charge for enhancement purposes because Mr. Tibbs "was

promised those convictions would be vacated if he was later prosecuted federally."  (Civ. Doc.

32 in 12-329).  Mr. Tibbs' counsel argued in the memorandum that, if the court gave Mr. Tibbs

the reduction for acceptance of responsibility and did not consider the Trafficking Cocaine

charge for purposes of the enhancement for career offender purposes, his criminal history would

be II; his base offense level would be 20; his total offense level would be 17 applying the 3

point reduction for acceptance of responsibility; and his guideline range would be 27 to 33

months.  However, the memorandum did not mention that the Revised PSR contained the errors

mentioned above.

**Sentencing**

At the sentencing hearing on September 16, 2017, the district court resolved the

outstanding objections made by Mr. Tibbs but not resolved by the Revised PSR.  The court

overruled Mr. Tibbs' objection to paragraph 159 that the Trafficking Cocaine charge should not

be included as a career offender offense and found that Mr. Tibbs was a career offender within

the meaning of USSG § 4B1.1(b)(2).  However, the court gave Mr. Tibbs the 3 point reduction

in the offense level for acceptance of responsibility after the Government indicated it would not

object, and the court amended paragraph 160 to reflect the deduction, making the total offense

level 31 instead of 34.  (Civ. Doc. 407 in 11-399).

At the sentencing hearing, the court indicated that many adjustments were made to the

PSR, and it "want[ed] to make sure that [it didn't] overlook any today."   The court specifically

asked if Mr. Tibbs' had any other objections to the PSR other than those on which the court had already ruled.  (Civ. Doc. 407 at 14, 24 in 11-399).  Mr. Tibbs' sentencing counsel did not object to  the errors pertaining to the incorrect statutory penalty section and subsequent incorrect guideline range.

Before pronouncing its sentence at the hearing, the court indicated that, although it was not bound to apply the guidelines, it had "consulted them and taken them into account on the issue of the appropriate range of sentence to be imposed in this case."   The court then found Mr. Tibbs' guideline offense level is 31, the criminal history category is VI, and the advisory guideline imprisonment range is from 188 to 235 months in case number 11-399 and 120 months in 12-329.  (Civ. Doc. 407 at 24-25).

The court expressed concern about the impact of Mr. Tibbs' prior convictions being "felt twice" in the guideline calculations—once in "jumping to" a 34 total offense level and then a second time in jumping from a criminal history category III to a VI.  The court emphasized that this situation "resulted in a substantial increase in the overall guideline range to be imposed in this case." (Civ. Doc. 407 at 39).

The court acknowledged its authority to impose a sentence outside the guideline range and sentenced Mr. Tibbs to 120 months imprisonment for Count Two in the drug conspiracy case and 120 months imprisonment for Count One in the felon in possession case, to be served concurrently.  (Civ. Doc. 407 at 44 in 11-399 & Crim. Doc. 387 in 11-399 and Doc. 35 in 12-329).  The court found that sentence reasonable "in light of the guidelines and the factors in 18

U.S.C. [§] 3553(a)" and concluded that the "sentence imposed would have been the same regardless of how the guideline issues had been resolved."  Toward the very end of the sentencing hearing after it had pronounced the sentence, the court again asked the parties if they had any objections "as to the findings of fact, the calculations, the sentence, or the manner in which the sentence was pronounced or imposed other than those previously stated?"  No party had any other objections.  (Civ. Doc. 407 at 47 in 11-399).

**Appeal**

The court appointed the Federal Public Defender's Office to continue representing Mr. Tibbs on a direct appeal, and Assistant Federal Public Defenders Allison Case and James Gibson appealed Mr. Tibbs' case to the Eleventh Circuit addressing many issues, but no sentencing issues.  The Eleventh Circuit affirmed the district court's judgment in both cases on February 11, 2015 in an unpublished opinion.  *United States v. Holden, et al.*, 603 F. App'x 744 (11th Cir. 2015); *see also* (Crim. Doc. 412 in 11-399 and Doc. 50 in 12-329).  The Supreme Court denied certiorari on November 16, 2015.  (Crim. Doc. 415 in 11-399).

**Habeas Cases**

Mr. Tibbs' filed the current habeas motions asking this court to vacate, set aside, or correct his sentence in both of his criminal cases on January 21, 2016 (civ. doc. 1 in 16-8003, attacking his sentence in 5:12-cr-329-KOB-JHE) and on February 4, 2016[5] (doc 4 in 16-8004,

---

[5]  Mr. Tibbs initially filed his habeas petition in 5:16-cv-8004-KOB on January 21, 2016 (doc. 1), but the court allowed him to file an amended habeas petition, which he filed on February 4, 2016 (doc. 4).

attacking his conviction and sentence in 5:11-cr-399-KOB-JHE).  The court ordered the Government to show cause in writing why it should not grant both habeas motions (civ. doc. 2 in 16-8003 & civ. doc. 5 in 16-8004), and the Government filed its responses on March 18, 2016 (civ. doc. 7 in 16-8003 & civ. doc. 8 in 16-8004).  Mr. Tibbs filed his reply to the Government's response on April 11, 2016.  (Civ. Doc. 8 in 16-8003 & Civ. Doc. 9 in 16-8004).

Mr. Tibbs is currently incarcerated at TCI Talladega.

## II.  DISCUSSION

Between both of his habeas cases, Mr. Tibbs alleges a total of twenty-eight numbered issues, with some involving several sub-issues.  Most of his issues involve ineffective assistance of trial counsel or allege ineffective assistance of appellate counsel as cause for excusing procedural default. Some of the issues overlap in both cases.

The court will first address the grounds on which it will vacate Mr. Tibbs' sentence—ineffective assistance of sentencing and appellate counsel for failure to object to or appeal the district court's use of the incorrect statutory penalty section and corresponding incorrect guideline range in sentencing Mr. Tibbs.  Although the court will vacate Mr. Tibbs' sentences on several grounds, the court must address all other grounds raised in both motions to vacate on which the court will deny relief.  *See Ferro v. United States*, 181 F. App'x 824, 825-826 (11th Cir. 2006) (a district court must address all claims in a § 2255 habeas petition); *see also Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (a district court must "resolve all claims for relief raised in a petition for writ of habeas corpus . . . regardless whether habeas

relief is granted or denied.").

Therefore, the court will address the remaining grounds raised in both motions to vacate in several different categories: ineffective assistance of trial counsel; grounds raised by Mr. Tibbs' appellate counsel on direct appeal and already litigated by the Eleventh Circuit; those grounds not raised on direct appeal but that are procedurally defaulted; and the ground over which the court has no jurisdiction.

A.     Ineffective Assistance of Sentencing and Appellate Counsel for Failing to Object to or Appeal the District Court's Use of the Incorrect Statutory Penalty Section and Corresponding Incorrect Guideline Range in Sentencing Mr. Tibbs (Grounds 5, 16(a)(4), & 16(a)(5) in Civ. Doc. 4 in 16-8004 & Grounds 7, 11, & 12 in Civ. Doc. 1 in 16-8003).

Mr. Tibbs argues that his sentencing and appellate counsel provided ineffective assistance by failing to object to or appeal the erroneous Sentencing Guideline calculation in the Amended Presentence Report.  The court agrees with Mr. Tibbs on this issue and finds that the court should vacate his sentence in 11-399 and 12-329 and re-sentence him according to the correct calculation.

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984). To prevail on a claim of ineffective assistance of counsel, Mr. Tibbs must demonstrate that (1) his counsel's performance fell below an objective standard of reasonableness; *and* (2) he suffered prejudice because of that deficient performance. *See id.* at 684–91.

Deficient performance exists when counsel acts "outside the wide range of professionally

competent assistance." *Strickland*, 466 U.S. at 690. The test is not what the best—*or even a good*—lawyer would have done, but "whether *some reasonable lawyer* at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (emphasis added).

A petitioner's counsel generally—not always—is presumed to have acted reasonably. *Strickland*, 466 U.S. at 690; *Williams v. Head*, 185 F.3d 1223, 1228 (11th Cir. 1999) ("[W]here the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment."). To overcome that presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Conclusory or unsupported allegations cannot support an ineffective assistance of counsel claim. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (finding "unsupported allegations, conclusory in nature and lacking factual substantiation" to be an insufficient basis for relief); *see also Chandler v. United States*, 218 F.3d 1305, 1314 n.15 ("An ambiguous or silent record is not sufficient to disprove the strong and continuing [*Strickland*] presumption.").

Prejudice exists if "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 694. Merely showing that counsel's error had "some conceivable effect on the outcome of the proceeding" cannot establish prejudice. *Id.* at 693.

1.  Sentencing Counsel

a.  Deficient Performance

Mr. Tibbs' sentencing counsel's failure to object to the incorrect statutory penalty section and guideline range in the Revised PSR constituted deficient performance under the first prong of *Strickland*.  As discussed previously under the "Presentencing" and "Sentencing" sections, Mr. Tibbs' sentencing counsel objected to the initial PSR, specifically objecting to paragraph 142 of the PSR regarding Mr. Tibbs' "Offense Level Computation." Sentencing counsel successfully argued that Mr. Tibbs' base offense level should be much lower than 24 based on the amount of marijuana the jury attributed to Mr. Tibbs.  As a result, the Probation Officer submitted a Revised PSR giving Mr. Tibbs the much lower base offense level of 10 for his drug conspiracy charge in 11-399.

Despite sentencing counsel's knowledge that the base offense level should be much lower based on the new amount of marijuana attributable to Mr. Tibbs, counsel failed to thoroughly review the Revised PSR and object to its use of the incorrect statutory penalty for the amount of marijuana attributable to Mr. Tibbs. No reasonable attorney, having successfully objected to the base offense level, would have failed to ensure that the Revised PSR used the correct statutory penalty section and resulting *substantially* lower guideline range.  Sentencing counsel, who properly objected to the wrong penalty section, should have been aware of the correct statutory penalty section that would apply to Mr. Tibbs, and the failure to raise this clear legal issue was deficient.  *See Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) ("Ignorance of well-

defined legal principals is nearly inexcusable."); *see also Deonarinesingh v. United States*, 542 F. App'x 857, 863 (11th Cir. 2013) ("[C]ounsel's ignorance of a well-defined legal principle could be inexcusable and demonstrate ineffective performance.").  Sentencing counsel's failure to object to the incorrect statutory penalty section and erroneous guideline calculation was deficient under *Strickland*.

> b.  Prejudice

Not only was sentencing counsel's performance on this issue deficient, but it also prejudiced Mr. Tibbs.  The Government does not dispute that the Revised PSR is wrong or that the court sentenced Mr. Tibbs using an incorrect statutory penalty section and an incorrect guideline range.  (Civ. Doc. 7 in 16-8003).  The Government argues that Mr. Tibbs was not prejudiced because the court did not sentence him above the statutory maximum of 120 months.  However, the Government relies on the wrong legal standard for determining prejudice for a claim of ineffective assistance of counsel.  The court need only find that a reasonable probability exists that the result would have been different had sentencing counsel's performance not been deficient under *Strickland*, not whether the court sentenced Mr. Tibbs above the statutory maximum.

The Government also claims that Mr. Tibbs was not prejudiced by the error because the court indicated at the sentencing hearing that "the sentence imposed would have been the same regardless of how the guidelines issues had been resolved."  (Civ. Doc. 7 in 16-8003).  Although the Government does not cite any authority, the court assumes that the Government relies on

Eleventh Circuit authority that holds that "[w]here a district judge *clearly* states that [s]he would impose the same sentence, even if [s]he erred in calculating the guidelines, then any error in the calculation is harmless," and, thus, no prejudice exists. *See United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009) (citing *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (emphasis added)).  However, in this case, the judge did not clearly state that she would have given Mr. Tibbs the same sentence even if she applied the incorrect statutory penalty section in the Revised PSR to which sentencing counsel had *not* objected.

Instead, the court indicated that it would have imposed the same sentence if the court had resolved the objections that were brought to its attention differently, including its decision to sentence Mr. Tibbs as a career offender.  *See Keene*, 470 F.3d at 1349 (stating that the district court, when faced with *disputed* guideline issues, can avoid unnecessary re-sentencings if it states that its decision on those disputed issues "'does not matter to the sentence imposed after the § 3353(a) factors are considered'") (quoting *United States v. Williams*, 431 F.3d 667, 773 (11th Cir. 2005)).

None of the objections the court addressed at the sentencing hearing dealt with whether the guideline calculations were based on the incorrect penalty section in the Revised PSR.  The issue regarding the court using the wrong statutory penalty section was certainly undisputed—no one brought it to the court's attention.  Had Mr. Tibbs' sentencing counsel raised that objection, more than a reasonable probability exists that the court's consideration of the correct guideline range would have changed the outcome of Mr. Tibbs' sentencing, especially because the correct

guideline range in the Revised PSR would have been 77 to 96 months instead of 262 to 327 months.  Therefore, the court's statement regarding imposing the same sentence if it had resolved the issues differently could not have applied to this unraised issue.

In this case, the court indicated that it consulted the guidelines and took them into account in determining the appropriate sentence range for Mr. Tibbs.  Even though the court indicated that it based its sentence on the guidelines *and* the factors outlined in 18 U.S.C. § 3553, the law required the court to "take into account the range prescribed by the Sentencing Guidelines."  *See Barner*, 572 F.3d at 1248 (citing 18 U.S.C. § 3553(a)(4)).  Even though the court varied from the incorrect sentencing range, if it "use[d] the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense a basis for the sentence."  *See Freeman v. United States*, 564 U.S. 522, 529 (2011).

Consequently, the court must first correctly calculate that guideline range.  *Barner*, 572 F.3d at 1248.  If the court applies the incorrect statutory penalty section and begins its consideration based on the incorrect guideline range, that error "'effectively means that [the district court] has not properly consulted the Guidelines.'"  *See id*. (citations omitted).  Because the court in this case began its sentencing decision based on the incorrect statutory penalty section and resulting incorrect guideline range, that error was not harmless and in fact prejudiced Mr. Tibbs.

The court finds that sentencing counsel's failure to object to the incorrect statutory penalty section and incorrect sentencing guideline range in the Revised PSR was deficient and that deficient performance prejudiced Mr. Tibbs.

  2. Appellate Counsel

   a. Deficient Performance

Mr. Tibbs also argues that his appellate counsel's representation was deficient by failing to appeal any sentencing issues, specifically the issue involving the court's use of the incorrect statutory penalty section and incorrect guideline range.  The court agrees.

Mr. Tibbs specifically requested that his appellate counsel address the district court's "miscalculation/misinterpretation" of the guidelines on appeal to the Eleventh Circuit, although he did not specify the miscalculation.  (Doc. 8 at 29-35).  On October 15, 2013, in response to one of his letters, appellate counsel acknowledged that Mr. Tibbs raised the issue of "reconsideration of his offense level computation," and explained to Mr. Tibbs that it would not seek relief on that issue in the district court because it would lack jurisdiction to reconsider his sentence at that time.  Appellate counsel indicated, however, that "we will look into [this issue] after we have received all the transcripts from your hearings and begin formulating issues to raise with the appellate court."  (Doc. 8 at 37).

However, on appeal to the Eleventh Circuit, Mr. Tibbs' appeal counsel raised *no* issues regarding his sentence.  *See* 13-10300, Appellant's Brief.  The record contains no affidavit from either of Mr. Tibbs' appeal counsel explaining why they decided to raise no sentencing issues,

particularly the issue that the district court applied the incorrect statutory penalty section in assessing Mr. Tibbs' guideline range.

The court finds that Mr. Tibbs' appeal counsel's representation was deficient in failing to raise this specific sentencing issue on appeal.  A reasonable attorney who received a specific request from his client to address miscalculation of his offense level and guideline range would "look into" the issue thoroughly and ensure that the Revised PSR and the court's changes to the Revised PSR at the sentencing hearing were correct.  In assessing the issues to raise on appeal, Mr. Tibbs' appellate counsel should have carefully and thoroughly "looked into" the calculations of the guideline range to see whether the district court committed plain error in sentencing Mr. Tibbs.  However, his appellate counsel failed to do so.

The court recognizes that "[a]ppellate counsel is not required to raise all nonfrivolous issues on appeal . . . especially where counsel raised other strong issues."  *See Deonarinesingh*, 542 F. App'x at 863 (citing *Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009) (per curiam)).  However, this issue certainly is not frivolous.  Moreover, after a thorough review of the issues that appellate counsel raised on appeal, the court finds that the specific issue involving the court's use of the incorrect statutory penalty section, resulting in a much higher guideline range, was "clearly stronger" than the claims raised by appellate counsel on direct appeal.  No reasonable counsel would have ignored on appeal this clearly strong issue supported by well-defined legal principals. The bottom line is that a reasonable attorney would have caught this error, which his client suggested, and appealed this issue to the Eleventh Circuit

even though sentencing counsel failed to object at sentencing.  Appellate counsel's failure to

raise this sentencing error on appeal was deficient under the *Strickland* standard.

> b.  Prejudice

In assessing whether Mr. Tibbs' appellate counsel's failure to appeal this sentencing issue

prejudiced him, this court must assess whether a reasonable probability exists that the Eleventh

Circuit would have vacated Mr. Tibbs' sentence on direct review had counsel appealed this

issue.  The court finds that a reasonable probability exists that the appellate court would have

done so.

As discussed thoroughly above, the court did not clearly state at the sentencing hearing

that it would have imposed the same sentence had it known that it was applying the wrong

statutory penalty section and guideline range. Instead, the court indicated it would have imposed

the same sentence had it decided differently the disputed objections brought to its attention.

Therefore, appellate counsel's failure to raise this issue was not harmless.

Because Mr. Tibbs' sentencing counsel did not object to the incorrect statutory penalty

section and guideline range in the Revised PSR and preserve that issue for direct review, the

Eleventh Circuit would have applied a plain error standard of review.  *See* Fed. R. Civ. P. 52(b);

*see also Deonarinesingh*, 542 F. App'x at 859-60; *Dell v. United States*, 710 F.3d 1267, 1274-

75 (11th Cir. 2013).  To show plain error, Mr. Tibbs would have to show that during his

sentencing proceeding, "there was (1) error; (2) that it was plain; and (3) that it affected his

substantial rights." *Dell*, 710 F.3d at 1275.  The error must also "seriously affect[ ] the fairness,

integrity, or public reputation of judicial proceedings." *Id*. at 1275 (citations and quotation marks omitted).

The court's use of the incorrect statutory penalty section and guideline range in sentencing Mr. Tibbs constituted plain error.  No party disputes that the court applied the wrong statutory penalty section and began its consideration with the wrong guideline range, resulting in an error during sentencing.  That error was plain because the law clearly states which statutory penalty section would apply to a defendant convicted of and sentenced for the amount of marijuana attributable to Mr. Tibbs.  That error also affected Mr. Tibbs substantial rights because a reasonable probability exists that, had the court had the correct statutory penalty section and guideline range, Mr. Tibbs' sentence would have been less than 120 months. Sentencing Mr. Tibbs under the wrong statutory penalty section and using the wrong guideline range to begin the sentencing consideration seriously affected the fairness, integrity, and public reputation of the court.  *See Deonarinesingh*, 542 F. App'x at 864-65 (holding that the court's incorrect application of the § 2B1.1(b)(10)B) enhancement at sentencing was plain error, affected the defendant's substantial rights, and affected the fairness, integrity, and public reputation of the court).  The court's use of an incorrect calculation of Mr. Tibbs guideline range constituted plain error, and appellate counsel's failure to appeal this issue prejudiced Mr. Tibbs.

Therefore, the court finds that Mr. Tibbs' motions to vacate are due to be GRANTED because of ineffective assistance of sentencing and appellate counsel on this sentencing issue.

B.      Ineffective Assistance of Trial Counsel

Mr. Tibbs also argues that his trial counsel provided ineffective assistance for several

reasons.  As explained below, even if trial counsel's performance was deficient under

*Strickland*, Mr. Tibbs failed to show prejudice on any of those grounds. *See Strickland*, 466 U.S.

at 697 (finding that the court is not obligated to "address both components of the inquiry if the

defendant makes an insufficient showing on one).

1.      Failure to Object to Prosecutor's Improper Statements in Closing
            Argument (Ground 4 in 16-8004)

Mr. Tibbs alleges that trial counsel's performance was deficient because he failed to

object to the prosecutor's closing argument in which the prosecutor "(1) suggested the

testimonies of the cooperating defendants was [sic] evidence against [him], (2) vouched for the

witnesses's credibility, and (3) implied personal belief of evidence."  (Doc. 4 at 5-6).  Mr. Tibbs

argues that, because his trial counsel did not make any objections to these statements during the

prosecutor's closing argument, he was prejudiced.

But Mr. Tibbs fails to show how the outcome of his case would have been different had

trial counsel objected to these issues during the Government's closing.  Even assuming

arguendo that these statements were improper, prosecutorial misconduct requires additional

proof that the remarks "prejudiced the defendant's substantive rights."  *United States v. Foley*,

508 F.3d 627, 637 (11th Cir. 2007).  At most, the court may have sustained the objection and

asked the jury to disregard certain statements.  Mr. Tibbs has presented nothing to suggest that

these remarks "prejudicially affect[ed] [his] substantial rights," such that the court would have

declared a mistrial. *See United States v. Reeves*, 742 F.3d 487 (11th Cir. 2014). Therefore, his ineffective assistance of trial counsel claim on this issue fails under the prejudice prong of *Strickland*.

> 2.      Failure to Investigate (Ground 7 in 16-8004 and Ground 5 in 16-8003)

Mr. Tibbs claims that his trial counsel's performance was deficient because he failed to investigate "how it was determine[d] [he] was a party to the alleged calls" that served as a primary basis for the Government's case against Mr. Tibbs. (Civ. Doc. 4 at 13 in 16-8004 and Civ. Doc. 1 at 9 in 16-8003). Again, assuming arguendo that his trial counsel's performance was deficient in this matter, Mr. Tibbs failed to show prejudice. Mr. Tibbs concludes with no explanation that trial counsel's performance "prejudiced the defendant's defense in later attempts to discredit the government identifying Mr. Mr. Tibbs as a party in the calls." (Doc. 4 at 13). However, Mr. Tibbs does not identify in what way or how the failure to investigate the voice on the calls affected trial counsel's later objections to the Government's identification of Mr. Tibbs' voice on those calls.

Moreover, Mr. Tibbs fails to show what trial counsel lacked in his initial investigation and how any further investigation would have changed the outcome of his case. Trial counsel listened to the pertinent calls involving Mr. Tibbs, talked to Mr. Tibbs about those calls, discussed and reviewed transcripts of those calls with Mr. Tibbs, and objected to the Government's use of those calls before trial. (Doc. 7-1 at 3); *see* 13-10300, Appellant's Brief at 27. Any further investigation by trial counsel would not change the fact that Mr. Tibbs' voice

was heard on those calls. Mr. Tibbs failed to meet the prejudice prong of the *Strickland* standard on this ground.

> 3.    Failure to Move to Dismiss Counts Two and Eighteen in 11-399 (Ground 8 & 16(a)(2) in 16-8004 and Grounds 3 & 4 in 16-8003)

Again, Mr. Tibbs failed to meet the prejudice prong of *Strickland* on these grounds.  Mr. Tibbs failed to show that, had trial counsel moved to dismiss Count Two (marijuana conspiracy) or Count Eighteen (felon-in-possession), the court would have granted the motions to dismiss or that the outcome of his case would have been different.

Mr. Tibbs's argument on this issue is that, because the Government submitted insufficient evidence to the grand jury on the marijuana conspiracy in Count Two, his trial counsel's performance was deficient for his failure to move to dismiss that count.  Mr. Tibbs makes conclusory statements and fails to present any evidence to show how trial counsel's failure to raise this issue prejudiced him.  The Supreme Court has held that an indictment "fair upon its face, and returned by a properly constituted grand jury, . . . conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged." *Kaley v. United States*, 134 S. Ct. 1090, 1097 (2014) (citations omitted) (quotations omitted).  A defendant's challenge to the sufficiency of evidence to support a grand jury's findings "will not be heard." *Id*. (citations omitted) (quotations omitted).  "The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime." *Id*. at 1098.

Count Two in the Superceding Indictment in 11-399 was "fair on its face"—it clearly gave Mr. Tibbs notice of the marijuana conspiracy charge against him and the elements the Government would have to prove to convict him of that charge.  Judicial review of the sufficiency and reliability of the evidence submitted to the grand jury on Count Two is improper.  Consequently, Mr. Tibbs cannot show that, had his trial counsel filed a motion to dismiss Count Two, the court would have granted that motion with prejudice.  Because Mr. Tibbs failed to prove the prejudice prong regarding Count Two, this ground fails under *Strickland*.

Regarding Count Eighteen, the Government moved to dismiss that felon-in-possession charge without prejudice in 11-399; the court granted that motion; and the Government re-indicted Mr. Tibbs on that same charge in 12-329.  Mr. Tibbs claims that he pointed out to trial counsel that the Government did not submit any evidence to the grand jury on the felon-in-possession charge, and that his trial counsel informed the Government of the deficit in Count Eighteen, resulting in the Government moving to dismiss that count without prejudice.  Mr. Tibbs also argues that his trial counsel violated a duty of loyalty to him by revealing this information to the Government without first asking the court to dismiss Count Eighteen with prejudice.  (Civ. Doc. 1 at 6-7 in 16-8003).

However, Mr. Tibbs failed to show that, had his trial counsel filed a motion to dismiss Count Eighteen with prejudice or objected to the court's grant of the Government's motion to dismiss Count Eighteen without prejudice, a reasonable probability exists that the court would

have dismissed that count with prejudice.  Mr. Tibbs failed to present anything other than conclusory statements that the court would have dismissed Count Eighteen with prejudice had trial counsel filed a motion to dismiss that count before the Government filed its motion to dismiss.  Those conclusory statements alleging prejudice are not enough.

Morever, as the Eleventh Circuit pointed out in its opinion affirming the district court's ruling on the due process and Speedy Trial Act issues, the court's failure to allow Mr. Tibbs' trial counsel an opportunity to object to the dismissal of Count Eighteen without prejudice did not prejudice Mr. Tibbs.  *Holden*, 603 F. App'x at 756 n.7 (citing *United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1989)).   Even though his trial counsel did not object to the district court's dismissal without prejudice of Count Eighteen in the in 11-399, Mr. Tibbs had the opportunity to— and in fact did— attack the court's dismissal without prejudice of Count Eighteen in 11-399 by filing a motion to dismiss the subsequent Indictment filed in 12-329.  *See* Holden, 603 F. App'x at 756 n.7 (citing *Dyal*, 868 F.2d at 428); *see also* (Crim. Doc. 17 & 46 in 12-329).  As the Eleventh Circuit stated, Mr. Tibbs cannot show that the Government's initial dismissal of Count Eighteen in 11-399 was in bad faith or that he was "'prejudiced in his ability to attack the prosecutor's motives due to the trial court's failure to require submission of adequate reasons as a condition of dismissal of the prior prosecution.'" *Holden*, 603 F. App'x at 756 n.7 (quoting *Dyal*, 868 F.2d at 428).

So, the court finds that Mr. Tibbs failed to show prejudice resulting from trial counsel's failure to move to dismiss Count Eighteen with prejudice.

4.      Failure to Move to Sever Mr. Tibbs From the Other Defendants and Count Eighteen and Failure to Timely Move to Suppress (Ground 9 in 16-8004 and Ground 2 in 16-8003)

Mr. Tibbs likewise cannot show prejudice under *Strickland* on these grounds.  Mr. Tibbs claims that he asked trial counsel to move to sever Mr. Tibbs and Count Eighteen from the other defendants and counts in 11-399, but his trial counsel refused because trial counsel stated "'the court will not do it."  (Civ. Doc. 1 at 5 in 16-8003).  Mr. Tibbs then makes a conclusory statement that, had trial counsel moved to sever or suppress "in January or prior to the trial in [11-399], the defendant could have successfully challenge[d] the identif[ication] of the defendant as a party to the calls and the Court would not have had the voluminous amount of calls and trial testimony to rely on."  (*Id*.).

The court does not see how a motion to sever or a January motion to suppress would have led to this alleged successful challenge; Mr. Tibbs does not explain— he simply concludes.  In any event, Mr. Tibbs failed to show that a reasonable probability exists that the court would have granted a motion to sever had his trial counsel filed one.  The court has discretion to order separate trials of counts or sever trials of numerous defendants under Fed. R. Crim. P. 14(a).  Mr. Tibbs would have to meet the "'heavy burden'" of demonstrating that he would "'suffer[ ] compelling prejudice'" and would receive an "unfair trial" if the court failed to sever.  *See United States v. Kennard*, 472 F.3d 851, 858-59 (11th Cir. 2006) (citations omitted).  The court rarely grants motions to sever, especially in conspiracy cases because of this heavy burden.

Mr. Tibbs cannot meet this heavy burden, and thus, cannot show prejudice on this ground.

### 5.    Refusal to Allow Mr. Tibbs to Listen to Tape Recordings (Ground 16(a)(2) in 16-8004)

Mr. Tibbs claims that his trial counsel's performance was ineffective because he failed to allow Mr. Tibbs to listen to the tape recordings of the intercepted calls prior to trial.  Mr. Tibbs' trial counsel explained in his affidavit that, at the time of this case, he did not have the "technical ability or equipment to play the monitored calls for [Mr. Tibbs], who was incarcerated without bond pending trial."  (Civ. Doc. 7-1 at 3 in 16-8003).  Trial counsel did indicate that he listened to the calls, discussed in detail those calls with Mr. Tibbs, and reviewed the transcripts of those calls with Mr. Tibbs.  *Id.*

Even assuming that trial counsel's performance somehow was deficient on this issue, Mr. Tibbs failed to show prejudice.  Mr. Tibbs simply concludes that trial counsel's failure to allow him to listen to the calls "prevented defendant from preparing an adequate defense."  That conclusory statement with no explanation does not show prejudice.

### 6.    Refusal to Renew Rule 29 Motion (Ground 16(a)(3) in 16-8004)

Although this opinion may sound like a broken record, Mr. Tibbs again failed to show prejudice under *Strickland* regarding this ground.  He concludes that trial counsel's failure to renew his Rule 29 motion "prevented the defendant from presenting favorable evidence to the court."  But, he does not tell the court how not renewing the Rule 29 motion prevented him from presenting evidence or explain or describe this favorable evidence to which he refers.  Mr.

Tibbs failed to show that, had trial counsel renewed that motion, the court would have granted it.  Therefore, this ground fails under *Strickland*'s prejudice prong.

C.     Grounds Raised by Mr. Tibbs' Appellate Counsel on Direct Appeal and Already Litigated by the Eleventh Circuit

Tibbs asserts here arguments raised on direct appeal.  A party may not re-litigate a matter decided against him on direct appeal. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.").

For each of these grounds listed below, Mr. Tibbs' appellate counsel raised these issues on direct appeal and the Eleventh Circuit decided them.

1.     Identification of Voices on Phone Recordings (Grounds 12, 15(a)(5), & 16(a)(6) in 16-8004).  *See Holden*, 603 F. App'x at 752.

2.     Material Variance (Grounds 14, 15(a)(1) & 16(a)(6) in 16-8004).  *See Holden*, 603 F. App'x at 753-54.

3.     Agent Boyd's Dual Role (Ground 15(a)(2) in 16-8004).  *See Holden*, 603 F. App'x at 752.

4.     Cedric Carroll's Testimony (Ground 15(a)(3) in 16-8004).  *See Holden*, 603 F. App'x at 752 n.5.

Therefore, Mr. Tibbs' motion to vacate on these grounds will be denied.

D.     Grounds NOT Raised on Direct Appeal But That Are Procedurally Defaulted

The procedural default doctrine reflects the general rule that claims not raised on direct

appeal may not be raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504

(2003). Federal courts will not review a procedurally-defaulted claim unless the defendant can

show either (1) cause for the default *and* actual prejudice from the error; *or* (2) that the court's

failure to consider the claim will cause a miscarriage of justice because the defendant is actually

innocent. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456

U.S. 152, 167 (1982).

To establish cause excusing default, the petitioner must put forward "some external

cause" for his failure to comply with the procedural requirements. *Reece v. United States*, 119

F.3d 1462, 1465 (11th Cir. 1997). A petitioner can also establish cause if he shows that his

counsel was ineffective. *Id.*  However, merely claiming ineffective assistance of counsel as

cause for the procedural default is not enough—that ineffective assistance of counsel claim must

have merit.  *Nyhuis*, 211 F.3d at 1343.  Assuming a petitioner can show cause via an ineffective

assistance of counsel claim, he still must show "actual prejudice" to excuse the default. *Eagle v.

Linahan*, 279 F.3d 926, 938 (11th Cir. 2001).

For each of the grounds listed below, Mr. Tibbs claims that the "cause" for failing to raise

these issues on appeal was ineffective assistance of appellate counsel, and that counsel's failure

to present these issues on direct appeal caused him prejudice.[6]   To show cause to overcome

procedural default, Mr. Tibbs must show his appellate counsel's performance on these issues

was deficient and prejudiced him under the *Strickland* standard.  To determine whether the

---

[6] Because Mr. Tibbs has not raised actual innocence, the court will not address whether the alleged errors in these grounds constitute a miscarriage of justice to overcome procedural default.

failure of appellate counsel to raise a claim resulted in prejudice, the court must look to the merits of that claim on appeal. *See Eagle v. Linahan*, 279 F.3d 926, 943 (11th Cir. 2001).

Even assuming arugendo deficient performance by appellate counsel on each ground listed below, Mr. Tibbs again failed to establish that any of these issues would have been successful on direct appeal such that he was prejudiced by his appellate counsel's failure to appeal. He simply makes conclusory statements with no support. As such, he fails to show cause or actual prejudice to overcome procedural default on any of these grounds.

      1.      Insufficient Evidence Presented to Grand Jury to Support Count Two in 11-399 (Grounds 1 and 16(a)(6) in 16-8004)

Mr. Tibbs presents no reason why a direct appeal on this issue would have been successful. Based on the law discussed previously regarding sufficiency of evidence submitted to the grand jury, Mr. Tibbs could not show he would have been successful on this issue on direct appeal. Therefore, he can show no prejudice under *Strickland* on this issue, and, thus, can show no cause to overcome procedural default.

      2.      Counts One and Two in 11-399 Were Multiplicitous and Constituted Double Jeopardy (Grounds 2 & 16(a)(6) in 16-8004)

This issue fails under *Strickland* because Mr. Tibbs cannot show a reasonable probability that he would have been successful on direct appeal had his appellate counsel raised this issue. Count One charged Mr. Tibbs with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride and 280 grams or more of "crack" cocaine, while Count Two charged him with conspiracy to possess with intent to distribute 1,000 kilograms or more of

*marijuana*.  Each offense requires an element that the other offense does not require—a certain amount of cocaine or crack in Count One and a certain amount of marijuana in Count Two.  *See United States v. Maldonado*, 849 F.2d 522, 524 (11th Cir. 1988) (two counts of possession with intent to distribute cocaine in different quantities in different counties were not multiplicitous).  Thus, Mr. Tibbs cannot show that a reasonable probability exists that the appellate court would have reversed Tibb's conviction because Counts One and Two were in fact not multiplicitous.

Moreover, the jury acquitted Mr. Tibbs of Count One so he cannot show actual prejudice even if Counts One and Two were multiplicitous.  The appeals court would reverse only if the jury actually convicted Mr. Tibbs on both counts and if the court subjected him to multiple punishments on those counts.  Because of his acquittal on Count One, Mr. Tibbs cannot show that a direct appeal on this ground would have changed the result. Mr. Tibbs cannot show cause for this ground and, therefore, it fails as procedurally defaulted.

    3.  Prosecutorial Misconduct

      a.  Improper Comments in Closing (Ground 3 & 4 in 16-8004)

Similar to the analysis in the prior section regarding the issue of trial counsel's failure to raise prosecutorial misconduct, this ground fails because Mr. Tibbs cannot show that failure to appeal this issue prejudiced him in any way.  Morever, any error in the prosecutor's comments was harmless because the record contains sufficient independent evidence of Mr. Tibbs' guilt concerning the marijuana conspiracy charge.  *See Reeves*, 742 F.3d at 506.

      b.  Government's Failure to Raise Sentencing Errors (Grounds 6 & 15(a)(4) in 16-8004 and Ground 8 in 16-8003)

Appellate counsel is not required to raise on appeal issues that are frivolous.  Mr. Tibbs presents absolutely no evidence that the prosecutor intentionally or in bad faith failed to bring these errors to the court's attention.  Moreover, the court has already stated that it will vacate Mr. Tibbs' sentence because of the sentencing errors based on ineffective assistance of sentencing and appellate counsel.

    c.  Government's Intentional Withholding Reason for Dismissing Count Eighteen in 11-399 (Ground 6 in 16-8003)

Again, Mr. Tibbs makes conclusory statements and presents no evidence that the prosecutor intentionally or with bad faith withheld the reason for moving to dismiss Count Eighteen. Further, as discussed previously regarding the ineffective assistance of counsel claims regarding the dismissal of Count Eighteen, Mr. Tibbs can show no prejudice regarding the dismissal of Count Eighteen without prejudice, and consequently, can show no prejudice even if the prosecutor did intentionally withhold the reasons for dismissing that count.

    4.  Probation Officer Committed Fraud on Court Regarding Sentencing Error (Ground 5 in 16-8004)

Mr. Tibbs makes conclusory statements that the probation officer committed fraud on the court with absolutely no support for his allegation.  Moreover, the court has already stated that it will remedy these sentencing errors by vacating Mr. Tibbs' sentence because of the ineffective assistance of sentencing and appellate counsel in failing to raise these errors.

    5.  Trial Court Failed to Require Government to Prove When Conspiracy Began (Ground 10 & 16(a)(1) in 16-8004)

Mr. Tibbs can show no prejudice by his appellate counsel's failure to raise this issue on direct appeal.  He asserts that the trial court's failure to require the Government to prove when the conspiracy began denied him the right to be sentenced on "proven facts." The court is unsure what this statement means or how it shows prejudice.  The records shows that Mr. Tibbs was incarcerated from November 20, 2001 until December 31, 2007, and could not have joined the conspiracy until his release in 2007.  (Crim. Doc. 407 at 4 in 11-399).  The fact that he began participation with the conspiracy in 2007 does not negate the fact that sufficient evidence existed that he was involved in the marijuana conspiracy.  Mr. Tibbs argument on this issue fails to show how an appeal on this issue would have changed the result in his case.

6.      Mr. Tibbs Denied Fair Trial Because Same Judge Decided Motions to Suppress in Both 11-399 and 12-329 (Grounds 1 & 11 in 16-8003)

Mr. Tibbs again fails to show how he was prejudiced by appeal counsel's failure to raise this issue.  He makes conclusory statements that he was denied a fair trial, but fails to explain specifically any errors resulting from the same judge ruling on the motions to suppress in both cases.  The Eleventh Circuit reviewed the court's ruling on the motions to suppress in both cases and found no error.  Therefore, Mr. Tibbs has failed to show a reasonable probability that raising this issue on appeal would have changed the outcome of his case.

7.      Mr. Tibbs Lacked Predicate Offenses to be a Career Offender (Ground 11 in 16-8004 & Ground 9 in 16-8003)

The court sentenced Mr. Tibbs as a career offender based on his prior convictions for trafficking cocaine and discharging a gun into an occupied dwelling under Alabama law.  Mr. Tibbs claims that his appellate counsel was ineffective for failing to raise any issues relating to

the court finding that Mr. Tibbs was a career offender under U.S.S.G. § 4B1.1(a).  However,

Mr. Tibbs cannot show prejudice on this issue because both convictions at that time qualified as

convictions for career offender purposes.

a.      Trafficking Cocaine

Mr. Tibbs argues that his prior conviction for trafficking cocaine was not a qualifying

conviction for the career offender enhancement because the conduct involved in that prior

conviction was "relevant conduct" for his federal conviction for the marijuana conspiracy.

However, his 2001 Trafficking Cocaine conviction in Madison County, Alabama was not

directly related to his later marijuana conspiracy conviction in this court and was not listed in

the "Relevant Conduct" section of the Revised PSR.  See Revised PSR ¶ 122-131.  Moreover,

that conviction met the requirements of a qualifying conviction under U.S.S.G. § 4B1.1(a) as

one for a "controlled substance offense."  Mr. Tibbs has presented no evidence to show that a

direct appeal on this issue would have changed this result. He cites no case law to support his

claim and fails to show any prejudice under *Strickland*.

b.      Discharging a Firearm Into an Occupied Dwelling

At the time of Mr. Tibbs' sentencing in 2013, his conviction for Discharging a Gun Into

an Occupied Dwelling was a "crime of violence" for purposes of the career offender

enhancement under the "residual clause" in U.S.S.G. § 4B1.2(a)(2), which involved convictions

for "conduct that presents a serious potential risk of physical injury to another.'"  Mr. Tibbs

argues that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015)

that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague would have changed that result.  However, Mr. Tibbs is wrong.

Mr. Tibbs was not sentenced under the ACCA and *Johnson* did *not* apply to his sentence. The Supreme Court specifically ruled that the holding in *Johnson* does not apply to the residual clause in the Sentencing Guidelines regarding career offenders.  *Beckles v. United States*, 137 S. Ct. 886 (March 6, 2017); *Matchett v. United States,* 802 F.3d 1185, 1194-96 (11th Cir. 2015). Mr. Tibbs presents no evidence that a direct appeal of this issue would have changed the results of his case on this issue, and, thus, he can show no prejudice under *Strickland*.

8.    Jury Instructions Amended Indictment (Grounds 13, 15(a)(6), & 16(a)(6) in 16-8004)

For this ground, Mr. Tibbs argues that the court "constructive[ly] amended" the Indictment by charging the jury that a defendant was guilty of conspiracy if he and at least one other person agreed to commit an unlawful act.  Mr. Tibbs alleges that the court erred by "removing the language 'named defendants conspired and agreed with each other.'" (Civ. Dov. 4 at 22 in 16-8004).  However, as the court instructed the jury, "[t]he Government did not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement."  (Crim. Doc. 211 at 15 in 11-399). The court's charge correctly explained the applicable law to the jury.

Moreover, Mr. Tibbs makes conclusory statements that the court amended the Indictment, but fails to support his statements with any law.  He cannot show that a direct appeal on this

issue would have changed the outcome of his case, and, thus, he can show no prejudice under *Strickland*.

> 9.     Mr. Tibbs' Required to Stipulate to Facts Regarding Kingy Holden (Ground 15(a)(7) in 16-8004)

Mr. Tibbs argues that his appellate counsel was deficient for failing to raise on direct appeal that the court required him to "stipulate to facts surrounding Kingy's six counts of distribution of marijuana." He claims forcing that stipulation was "error and highly prejudic[ial]" and denied him the right to a "fair trial." (Civ. Doc. 4 at 24 in 16-8004).

The court does not know to which stipulation Mr. Tibbs refers. In any event, again, Mr. Tibbs makes conclusory statements and fails to show how and in what manner this alleged error deprived him of the right to a fair trial. The Eleventh Circuit reviewed many issues on direct appeal and concluded that sufficient evidence existed for the jury's verdict on Count Two in 11-399. Mr. Tibbs cannot show that had his appellate counsel raised this issue on direct appeal the outcome of his case would have been different, and, therefore, he fails to meet the prejudice prong of *Strickland*.

For all of the grounds above under this section, Mr. Tibbs fails to establish any prejudice under *Strickland*. Therefore, he can show no cause to overcome procedural default on these grounds.

> E.     Ground Over Which the Court has no Jurisdiction (Ground 10 in 16-8003)

> Mr. Tibbs wants this court to review the Eleventh Circuit's decision on direct appeal regarding the Speedy Trial Act. However, this court has no jurisdiction to review any

decision of the Eleventh Circuit—only the Supreme Court of the United States has that power.

Therefore, on this ground, a motion to vacate is the improper method to achieve such a review.

III.   CONCLUSION

For the reasons stated in this opinion, the court finds that Mr. Tibbs' motions to vacate

are due to be GRANTED on the grounds of ineffective assistance of sentencing and appellate

counsel for failing to object to or appeal the district court's use of the incorrect statutory penalty

section and corresponding incorrect guideline range in sentencing Mr. Tibbs and DENIED on all

other grounds.

Because the court will vacate Mr. Tibbs' sentence and resentence him, the court finds that

his motions for a hearing and motions to be released from custody are due to be denied as moot.

(Civ. Docs. 6 & 10  in 16-8003 & Civ. Docs. 7 & 11 in 17-8004).

The court also finds that Mr. Tibbs' motions for a hearing filed in his criminal cases are

also due to be denied as moot.  (Crim. Doc. 448 in 11-399 & Crim. Doc. 56 in 12-329).

The court will enter a separate Order.

DONE and ORDERED this 21st day of July, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE